**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JOSEPH P. LUCERO,**

      **Petitioner,**

**v.**                                                                 **No. CV 11-163 LH/LAM**

**ERASMO BRAVO, et al.,**

      **Respondents.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Petitioner Joseph P. Lucero's 28 U.S.C. § 2254 petition [*Doc. 1*], filed February 14, 2011.  Mr. Lucero is incarcerated and proceeding *pro se*. [*Doc. 4*].  Respondents filed their answer to the petition on March 24, 2011.  [*Doc. 9*].  United States District Judge C. LeRoy Hansen referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  [*Doc. 7*].  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Mr. Lucero's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DISMISSED without prejudice**.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary.  *See Anderson v. Attorney General of Kansas*,

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

In his Petition, Mr. Lucero raises the following claims: (1) ineffective assistance of counsel on seven grounds; (2) judicial misconduct on the part of the state district court judge; (3) that there was insufficient evidence presented at his trial to support his conviction; and (4) that there were three irregularities in the investigative procedures that led to his arrest. [*Doc. 1* at 5-11]. Mr. Lucero does not state what relief he is asking for from the Court. *Id.* at 15.

## *I. Procedural Background*

On June 28, 2006, Mr. Lucero was found guilty of five counts of Aggravated Battery (Deadly Weapon) (Firearm Enhancement), third-degree felonies, in violation of N.M.S.A. 1978 §§ 30-3-5(A)(C) and 31-18-16; Shooting at or From a Motor Vehicle (Great Bodily Harm), a second-degree felony, in violation of N.M.S.A. 1978 § 30-3-8(B); and Conspiracy to Commit Shooting at or From a Motor Vehicle (Great Bodily Harm), a third-degree felony, in violation of N.M.S.A. 1978 § 30-3-8(B). [*Doc. 9-1*, Exhibit A at 1-2] (Judgment and Order Partially Suspending Sentence entered in the state district court). On January 11, 2007, Mr. Lucero was found to be a habitual offender and sentenced to a total term of twenty-nine years, with seven years suspended, for a total incarceration period of twenty-two years. *Id.* at 2-5. Upon completion of imprisonment, Mr. Lucero will be placed on supervised probation for five years which shall run concurrently with a term of parole of two years. *Id.* at 5. Mr. Lucero received pre-sentence confinement credit for a total of one year and eighty-seven days and post-sentence confinement credit for time served prior to his transfer to the New Mexico Corrections Department. *Id.* at 6.

Mr. Lucero appealed his conviction to the New Mexico Court of Appeals ([*Doc. 9-1*, Exhibits B (Notice of Appeal) and C (Docketing Statement)]), and on January 15, 2010, the New

Mexico Court of Appeals issued a Memorandum Opinion and Order affirming Mr. Lucero's conviction ([*Doc. 9-2*, Exhibit J], reported at No. 27,853, 2010 WL 3971176 (N.M. Jan. 15, 2010)). On February 15, 2010, Mr. Lucero filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion. [*Doc. 9-3*, Exhibit K]. The New Mexico Supreme Court denied his petition for writ of certiorari on March 10, 2010. [*Doc. 9-3*, Exhibit L]. On July 19, 2010, Mr. Lucero filed a *pro se* petition for a writ of habeas corpus with the state district court ([*Doc. 9-4*, Exhibit N]), which was summarily dismissed on September 22, 2010 ([*Doc. 9-5*, Exhibit O]). On October 26, 2010, Mr. Lucero filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the denial of his state habeas petition ([*Doc. 11-1*, Exhibit Q]), which was accepted as timely filed by the New Mexico Supreme Court ([*Doc. 9-5*, Exhibit P]).[2] On November 15, 2010, the New Mexico Supreme Court denied Mr. Lucero's petition for writ of certiorari on his state habeas petition. [*Doc. 9-6*, Exhibit R]. On February 14, 2011, Mr. Lucero filed his petition for federal habeas relief in this Court, initiating this proceeding. [*Doc. 1*].

### *II. Mr. Lucero's Section 2254 Claims*

Mr. Lucero raises the following grounds for relief:

    I. Ineffective assistance of counsel because his counsel:

        A.    Failed to show an interest in Mr. Lucero's case;

---

[2]In their answer, Respondents failed to attach a copy of Mr. Lucero's petition for writ of certiorari regarding his state habeas petition even though it is cited in their answer. *See* [*Doc. 9* at 7 and *Doc. 9-6* at 1-39] (showing that Respondents intended to attach Mr. Lucero's "Petition for Writ of Certiorari, filed October 26, 2010 (with attachments)" as "Exhibit Q" but only filed what appear to be some of the exhibits to the petition for writ of certiorari). On June 28, 2011, the Court ordered (*Doc. 10*) Respondents to supplement their answer by filing a complete copy of Mr. Lucero's petition for writ of certiorari regarding his state habeas petition, which Respondents did on July 6, 2011 (*Doc. 11*).

      B.      Failed to advise Mr. Lucero of his representation until he met with him in February 2006;

      C.      Failed to act "diligently or promptly" and failed to keep Mr. Lucero informed regarding court dates;

      D.      Failed to respond to Mr. Lucero's letters and phone calls;

      E.      Failed to make himself available to Mr. Lucero's family;

      F.      Was late for "everything" during the jury trial; and

      G.      Was brought before the state disciplinary board;

II.      Judicial misconduct on the part of the state district court judge;

III.      Insufficient evidence presented at the trial to support Mr. Lucero's conviction; and

IV.      The following irregularities in the investigative procedures that led to Mr. Lucero's arrest:

      A.      That the traffic stop was an illegal search and seizure;

      B.      That Mr. Lucero was interrogated without the presence of an attorney; and

      C.      That during Mr. Lucero's detention, witnesses were brought to identify him and they did not identify him as the suspect.

[*Doc. 1* at 5, 7, 8, and 10].  Mr. Lucero does not state what relief he is asking the Court to provide him.  *Id.* at 15.

In their response, Respondents contend that Mr. Lucero has filed a mixed petition containing both exhausted and unexhausted claims.  [*Doc. 9* at 7-8].  Respondents contend that the above-referenced claims I.A through F and IV.B and C have not been exhausted at the state level, so the Court can either (1) dismiss the Petition without prejudice so Mr. Lucero can return to state

court to exhaust these claims, (2) order Mr. Lucero to amend his Petition to delete his unexhausted claims or he can voluntarily delete his unexhausted claims, or (3) consider the claims on the merits, notwithstanding Mr. Lucero's failure to exhaust. *Id.* at 7-12. In addition, Respondents contend that the exhausted Fourth Amendment issue raised in claim IV.A is not cognizable as a federal habeas corpus claim pursuant to *Stone v. Powell*, 428 U.S. 465 (1976) (*id.* at 12-13), and that Mr. Lucero's exhausted ineffective assistance of counsel claim I.G does not satisfy the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) (*id.* at 13-16). Finally, Respondents contend that the petition should be dismissed because Mr. Lucero fails to show that the state court proceedings either resulted in a decision that was contrary to, or involved an unreasonable application of, federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Id.* at 16. Respondents further assert that Mr. Lucero has not offered clear and convincing evidence to overcome the presumption of correctness applied to the state court's factual determinations pursuant to 28 U.S.C. § 2254(e)(1). *Id.* at 17. Respondents asks the Court to dismiss the petition with prejudice. *Id.* at 18. Mr. Lucero did not file a reply to Respondents' response.

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted). Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Because Mr. Lucero is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III.  *Exhaustion of State Court Remedies*

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). The exhaustion "doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present" his or her claims to the state courts before a federal court will examine them, which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). A petitioner may present "bits of evidence" to a federal court that were not presented to the state court; however, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Ferguson v. McKune*, No 99-3214, 229 F.3d 1163, 2000 WL 1133134 at *2 (10th Cir. Aug. 10, 2000) (unpublished) (citation and internal quotation marks omitted) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture" than when it was presented to the state courts).

In cases where a petitioner raises both exhausted and unexhausted claims, the petition is considered mixed. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see also Pliler v. Ford*, 542 U.S. 225, 230 (2004). When a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). In limited circumstances, a federal court may stay a mixed petition pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). A federal court will not consider defaulted claims unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or if the Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal habeas court may deny a claim on the merits, notwithstanding the failure to exhaust state remedies); *Romero v. Furlong*, 215 F.3d 1107, 1111

-7-

(10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

The Court finds that Mr. Lucero has exhausted claims I.G, II., III., and IV.A because these claims were fairly presented to the state courts.  Mr. Lucero raised claims III. (insufficient evidence to support his conviction) and IV.A (illegal search and seizure) in his direct appeal.  *See* [*Doc. 9-1*, Exhibit E at 43-51 and *Doc. 9-2*, Exhibit G at 13-20] (Mr. Lucero's Memorandum in Opposition to Proposed Summary Affirmance and Brief in Chief in his direct appeal), and [*Doc. 9-3*, Exhibit K at 9-10, 13-15] (petition for writ of certiorari regarding direct appeal).  Mr. Lucero raised claims I.G (that his counsel was ineffective because he was brought before the New Mexico Disciplinary Board), II. (judicial misconduct), III. (insufficient evidence to support his conviction), and IV.A (illegal search and seizure) in his state habeas petition and in his petition for writ of certiorari regarding his state habeas petition.  *See* [*Doc. 9-4*, Exhibit N at 9-15] and [*Doc. 11-1*, Exhibit Q at 2-3].

The Court finds that Mr. Lucero's remaining ineffective assistance of counsel claims, I.A through F, are unexhausted.  In Mr. Lucero's direct appeal, the heading of his ineffective assistance of counsel claim states that his counsel was ineffective for (1) failing to sever Mr. Lucero's trial from his co-defendant's trial, and (2) "for failure to argue zealously for his client;" however, in that appeal, Mr. Lucero only argued the substance of his claim that his counsel was ineffective for failing to sever his case from his co-defendant's case.  *See* [*Doc. 9-1*, Exhibit E at 51-53 and *Doc. 9-2*, Exhibit G at 21-23] (Mr. Lucero's Memorandum in Opposition to Proposed Summary Affirmance and Brief in Chief in his direct appeal); *see also State v. Lucero*, No. 27,853, 2010 WL 3971176, *5 (N.M. Jan. 15, 2010) (unpublished) (New Mexico Court of Appeals decision denying Mr. Lucero's direct appeal and stating that it declined to address the claim that Mr. Lucero's

counsel did not zealously argue because Mr. Lucero "failed to specify the ways in which his counsel did not zealously argue his case"), and [*Doc. 9-3*, Exhibit K at 11-13] (Mr. Lucero's petition for writ of certiorari to the New Mexico Supreme Court regarding his direct appeal, wherein he only discusses the claim that his counsel was ineffective for failing to sever his trial from his co-defendant's). Mr. Lucero did not raise these ineffective assistance of counsel claims in his state habeas petition or in his petition for writ of certiorari regarding his state habeas petition. *See* [*Doc. 9-4*, Exhibit N at 9-10] and [*Doc. 11-1*, Exhibit Q at 2-3]. For these reasons, the Court finds that Mr. Lucero has not exhausted his ineffective assistance of counsel claims I.A through F, because he did not present the substance of those claims to the state courts.

In addition, Mr. Lucero has failed to exhaust claims IV.B and C (that he was interrogated without the presence of an attorney and that he was improperly identified as a suspect), because he failed to raise the substance of these claims before the state courts in his direct appeal or state habeas petition. In his state habeas petition and petition for writ of certiorari regarding his state habeas petition, Mr. Lucero lists these claims in the caption of his fourth claim, but he fails to discuss the claims anywhere in the petitions, and instead only discusses his search and seizure claim in that section in both petitions. *See* [*Doc. 9-4*, Exhibit N at 12-15] and [*Doc. 11-1*, Exhibit Q at 2-3]; *see also* [*Doc. 9-5*, Exhibit O at 17] (state district court order dismissing Mr. Lucero's state habeas petition and discussing only the search and seizure argument of his fourth claim). The Court, therefore, finds that Mr. Lucero has failed to exhaust claims IV.B and C because he did not present the substance of these claims to the state courts.

Based on the foregoing, the Court finds that Mr. Lucero has filed a mixed petition. The Court must therefore decide whether to recommend: (1) dismissal of the entire petition without prejudice so that Mr. Lucero can either exhaust his state remedies or amend his petition by

dismissing the unexhausted claims; (2) staying the petition and holding it in abeyance pending exhaustion of state court remedies; or (3) denial of the entire petition on the merits. Mr. Lucero has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court and he has not made a showing that his unexhausted claims are potentially meritorious. *See Rhines*, 544 U.S. at 277. In making a determination whether to recommend dismissing the petition without prejudice to allow Mr. Lucero to exhaust his state court remedies, the Court first should consider whether his unexhausted claims are procedurally defaulted so that they cannot be raised in the state courts. *See Dulin*, 957 F.2d at 759. There is no statute of limitations in New Mexico that would prevent Mr. Lucero from bringing his unexhausted claims in a second state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007). However, ordinarily "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) (citing *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335 (N.M. 1974) (noting that grounds omitted in prior proceedings are deemed waived). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (quoting *Gillihan*, 524 P.2d at 1336). Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Gillihan*, 524 P.2d at 1337 (citation and internal quotation marks omitted).

Mr. Lucero's unexhausted ineffective assistance of counsel claims and his unexhausted claims that he was illegally interrogated and identified by witnesses, allege error that potentially

"goes to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Id.* Thus, although Mr. Lucero's unexhausted grounds appear to be barred from state review under New Mexico's general rule, it is not clear that New Mexico would find his allegations precluded under the doctrine of fundamental error, and under such circumstances and in the interest of comity, the Court finds that Mr. Lucero's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court. *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore possibility that state remedies exist).

  For the foregoing reasons, the Court finds that Mr. Lucero's petition should be dismissed without prejudice and Mr. Lucero may either amend his petition to delete his unexhausted claims or exhaust his claims at the state level. If Mr. Lucero chooses to amend his petition, he should be aware that he risks the dismissal of a subsequent federal habeas petition which raises the unexhausted claims that he would be abandoning. *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition). Alternatively, if Mr. Lucero chooses not to amend his petition, then his petition should be dismissed in its entirety, without prejudice, to allow him to exhaust his previously

unexhausted claims in the state courts. If he chooses this option, Mr. Lucero should bear in mind that the one-year statute of limitation under AEDPA still applies to all of the grounds in his petition, including those that have been exhausted, and thus, he risks losing the opportunity to present his grounds at a later date as they may be time barred. *See Rhines*, 544 U.S. at 1533-34. Moreover, the one-year limitation period is not tolled by the pendency of this federal habeas proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that federal habeas proceedings do not toll the one-year limitation period). If Mr. Lucero wishes to proceed with the underlying petition solely on his exhausted claims, in order to avoid having to re-file the petition, he must file, within the 14-day period allotted for the filing of objections to these findings, an amended petition which includes only his exhausted claims. If Mr. Lucero does not file an amended petition within the 14-day objection period, his petition will be dismissed without prejudice to allow him to pursue his unexhausted claims in state court. Because the Court recommends dismissal of Mr. Lucero's petition on the basis of Respondents' defense that Mr. Lucero failed to exhaust his state court remedies, the Court need not consider Respondents' remaining arguments until such time as Petitioner either exhausts all of his claims or files an amended petition.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Mr. Lucero's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DISMISSED WITHOUT PREJUDICE** on the grounds that all of the claims raised in the petition have not been exhausted. If Mr. Lucero wishes to proceed with the underlying petition solely on

his exhausted claims, which are claims described herein as I.G, II., III. and IV.A, within the 14-day period allotted for the filing of objections to these findings, he must file an amended petition for writ of habeas corpus which includes only these exhausted claims.

*Lourdes a. Martinez*
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**